# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MONIQUE BRANNON** | * | **CIVIL ACTION** |
| | * | |
| **versus** | * | **No. 18-1965** |
| | * | |
| **BAC HOME LOANS SERVICING, L.P., ET AL.** | * | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court is Defendants' Motion to Dismiss, R. Doc. 9. Plaintiff have failed to respond. The Court held a hearing to show cause why the case should not be dismissed. Plaintiff failed to appear. Having considered the Defendants' motion and the applicable law, the Court now issues this Order & Reasons.

This case arises from a contractual relationship between the parties regarding a home loan and mortgage. R. Doc. 1-1. Plaintiff Monique Brannon owns a property in Metairie, Louisiana. R. Doc. 1-1 at 2. Plaintiff executed a note and mortgage, secured by the property, with Primary Residential Mortgage, Inc. ("Primary"). R. Doc. 1-1 at 2. In 2004, Primary assigned its rights in the note and mortgage to Defendant BNY Mellon of New York, Inc. ("BNY"). R. Doc. 1-1 at 2. Primary also assigned its rights as the loan servicer or loan service agent to Countrywide Home Loans Servicing, LP ("Countrywide"). R. Doc. 1-1 at 2. Countrywide was then acquired by a subsidiary of Defendant Bank of America, N.A. R. Doc. 1-1 at 3. Plaintiff alleges that during the year May 2013-May 2014 she overpaid for homeowners' insurance and is entitled to a refund. R. Doc. 1-1 at 4. Plaintiff also alleges that in December 2014 her escrow agent failed to pay the premium on her flood insurance and since that time Plaintiff has made accounting demands upon the escrow agent. R. Doc. 1-1 at 4-5.

In 2015, Plaintiff became delinquent on the property note. R. Doc. 1-1 at 5. After negotiating with the lender, Plaintiff's note and mortgage were transferred and assigned to Defendant National Residential Assets Corp. ("National"). R. Doc. 1-1 at 5. National then filed a foreclosure suit against Plaintiff. R. Doc. 1-1 at 5. Plaintiff alleges that BNY and National acted together to transfer and assign the note and mortgage to deprive Plaintiff of her defenses and offsets (overpaying on homeowners' insurance and claims for accounting against escrow agent) in the foreclosure suit. R. Doc. 1-1 at 7. Plaintiff further alleges that National has unilaterally modified the terms of the note and mortgage and charged unlawful interest, penalties, and fees. R. Doc. 1-1 at 8. Plaintiff asks for 1) full accounting of payments and charges on the loan, mortgage, and escrow account, 2) provision of certain documents, 3) a "Life of the Loan Accounting," and 4) return of erroneous fees, interest, and penalties. R. Doc. 1-1 at 8-9. Plaintiff further argues that because Defendants have breached the loan and mortgage agreements they are no longer valid and enforceable. R. Doc. 1-1 at 9. In the alternative, Plaintiff asks that the sale and transfer of the note and mortgage to National be set aside. R. Doc. 1-1 at 9.

Defendants BNY, Select Portfolio Servicing, Inc. ("SPS"), and National (collectively "Defendants") move to dismiss with prejudice several of Plaintiff's claims and request a more definite statement on others. R. Doc. 9. Plaintiff has failed to respond to the motions. The Court ordered Plaintiff to appear to show cause why her case should not be dismissed and made multiple attempts to contact Plaintiff. R. Doc. 11. Plaintiff failed to appear at the show cause hearing on May 9, 2018. The Court finds that Plaintiff has failed to prosecute her claims against Defendants BNY, SPS, and National. Therefore, the Court grants Defendants' motion to dismiss as unopposed and dismisses all claims against BNY, SPS, and National with prejudice.

**IT IS ORDERED** that Defendants' motion to dismiss, R. Doc. 9, is hereby **GRANTED**

and all of Plaintiff's claims against Defendants BNY, SPS, and National are hereby

**DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 9th day of May, 2018.

_____
UNITED STATES DISTRICT JUDGE