UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MONIQUE BRANNON | * | CIVIL ACTION |
| | * | |
| versus | * | No. 18-1965 |
| | * | |
| BAC HOME LOANS SERVICING, L.P., ET AL. | * | SECTION "L" (4) |

### ORDER & REASONS

Before the Court is Defendant's Motion for Judgment on the Pleadings, R. Doc. 14. Plaintiff have failed to respond. Having considered the Defendant's motion and the applicable law, the Court now issues this Order & Reasons.

This case arises from a contractual relationship between the parties regarding a home loan and mortgage. R. Doc. 1-1. Plaintiff Monique Brannon owns a property in Metairie, Louisiana. R. Doc. 1-1 at 2. Plaintiff executed a note and mortgage, secured by the property, with Primary Residential Mortgage, Inc. ("Primary"). R. Doc. 1-1 at 2. In 2004, Primary assigned its rights in the note and mortgage to Defendant BNY Mellon of New York, Inc. ("BNY"). R. Doc. 1-1 at 2. Primary also assigned its rights as the loan servicer or loan service agent to Countrywide Home Loans Servicing, LP ("Countrywide"). R. Doc. 1-1 at 2. Countrywide was then acquired by a subsidiary of Defendant Bank of America, N.A. R. Doc. 1-1 at 3. Plaintiff alleges that during the year May 2013-May 2014 she overpaid for homeowners' insurance and is entitled to a refund. R. Doc. 1-1 at 4. Plaintiff also alleges that in December 2014 her escrow agent failed to pay the premium on her flood insurance and since that time Plaintiff has made accounting demands upon the escrow agent. R. Doc. 1-1 at 4-5.

In 2015, Plaintiff became delinquent on the property note. R. Doc. 1-1 at 5. After

negotiating with the lender, Plaintiff's note and mortgage were transferred and assigned to Defendant National Residential Assets Corp. ("National"). R. Doc. 1-1 at 5. National then filed a foreclosure suit against Plaintiff. R. Doc. 1-1 at 5. Plaintiff alleges that BNY and National acted together to transfer and assign the note and mortgage to deprive Plaintiff of her defenses and offsets (overpaying on homeowners' insurance and claims for accounting against escrow agent) in the foreclosure suit. R. Doc. 1-1 at 7. Plaintiff further alleges that National has unilaterally modified the terms of the note and mortgage and charged unlawful interest, penalties, and fees. R. Doc. 1-1 at 8. Plaintiff asks for 1) full accounting of payments and charges on the loan, mortgage, and escrow account, 2) provision of certain documents, 3) a "Life of the Loan Accounting," and 4) return of erroneous fees, interest, and penalties. R. Doc. 1-1 at 8-9. Plaintiff further argues that because Defendants have breached the loan and mortgage agreements they are no longer valid and enforceable. R. Doc. 1-1 at 9.

Defendant BAC Home Loans Servicing, L.P. moves to dismiss Plaintiff's claims. R. Doc. 14. Plaintiff has failed to respond to the motion. Plaintiff has also failed to respond to prior motions or participate in a show cause hearing. R. Doc. 13. The Court finds that Plaintiff has failed to prosecute her claims against Defendant BAC Home Loans Servicing, L.P. Therefore, the Court grants Defendant's motion as unopposed and dismisses all claims against BAC Home Loans Servicing, L.P. with prejudice.

**IT IS ORDERED** that Defendant's motion, R. Doc. 14, is hereby **GRANTED** and all of Plaintiff's claims against Defendant hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 7th day of June, 2018.

_____
UNITED STATES DISTRICT JUDGE